**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RASHIAD SNEAD, | : | Civil No. 1:19-CV-00841 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| M. STEIF, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Rashiad Snead ("Plaintiff") is a self-represented individual incarcerated at the Federal Correctional Institute Schuylkill – Medium ("FCI-Schuylkill") in Minersville, Pennsylvania.  Plaintiff initiated this *Bivens* action in May of 2019 asserting that Defendant M. Steif ("Steif") allegedly called him "a rat" and "a snitch" in front of other inmates and staff and tried to provoke a physical altercation with him.  Plaintiff also claims seven additional individuals ("Government Defendants") failed to intervene, report, or investigate his complaint against Defendant Steif or protect him from continued retaliatory harassment. (Doc. 36.)  The court has dismissed the claims against the Government Defendants, Doc. 75, and now addresses the motion to dismiss filed by Defendant Steif, Doc. 57.  For the following reasons, the court will grant Defendant Steif's motion to dismiss.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this matter by filing a complaint on May 9, 2019.  (Doc. 1.)
After paying the filing fee, Plaintiff sought allowance to file an amended complaint
on July 3, 2019, and the court granted that request on July 29, 2019.  (Docs. 18,
26.)  Plaintiff's amended complaint, the operative pleading in this matter, was filed
on October 17, 2019.  (Doc. 36.)

After receiving an enlargement of time to respond to the amended
complaint, Defendant Steif and the Government Defendants filed separate motions
to dismiss, or in the alternative, for summary judgment.  (Docs. 55, 57.)  Plaintiff
filed his opposition briefs in April 2020. (Docs. 68, 69.)  The court granted the
Government Defendants' motion to dismiss, Doc. 75, and stayed Defendant Steif's
motion to dismiss pending the outcome of the appeal of *Dongarra v. Smith*, No.
3:18-CV-01939, 2020 WL 4934660, (M.D. Pa. Aug. 24, 2020) (Wilson, J.), *appeal
filed*, No. 20-2872 (3d. Cir., Sept. 15, 2020).  (Doc. 76.)  The Third Circuit entered
an order affirming this court's determination in *Dongarra* on March 1, 2022.  27
F.4th 174 (3d Cir. 2022).  As a result, the stay was lifted, Doc. 77, and the parties
filed supplemental briefing to address the impact of the Third Circuit's decision in
*Dongarra*.  (Docs. 78, 81.)

Since the claims against the Government Defendants have been dismissed,
the only remaining claims are those against Defendant Steif.  Plaintiff is suing

Defendant Steif in his individual and official capacities.  (Doc. 36, p. 2.)  The amended complaint alleges that Defendant Steif called Plaintiff a "rat" and a "snitch" in front of other inmates and staff "causing a potential life threatening situation in which other inmates could have and most certainly did construe that Snead was telling on other inmates in a prison setting, causing a safety jeopardy to Snead."  (Doc. 36, p. 5.)  He alleges that on July 29, 2017, at 2:25 p.m., Plaintiff was performing his assigned institutional foodservice detail when another inmate asked him to get two cups of soda, and Plaintiff declined.  (*Id*., p. 13.)  What followed was a confrontation between Plaintiff and Defendant Steif during which Defendant Steif referred to him as a "rat" and accused him of snitching on inmates.  (*Id*., pp. 13–14.)  Plaintiff also alleges that following this verbal exchange, he bent down to tie his shoes and Defendant Steif stood "directly in his personal space, wherein defendant[']s crotch was in plaintiff's face as he stood up."  (*Id*. p. 14.)  Plaintiff alleges that when he stood up, Defendant Steif "was standing directly in his face and said 'What,'" indicating that he "wanted to entice a physical altercation."  (*Id*.)  Another officer instructed Plaintiff to leave, stating that relocating was for Plaintiff's safety.  (*Id*.)  The complaint lists Plaintiff's injuries as "[n]othing physical, only mental and psychological."  (*Id*., p. 5.)

Plaintiff alleged that Defendant Steif then retaliated against him filing for filing a grievance and he was removed from his job in the food service department. (Doc. 56, p. 17.)

Plaintiff alleges that Defendant Steif violated Plaintiff's Eighth Amendment rights by calling him a "rat" and a "snitch" and by attempting to provoke a physical altercation.  (Doc. 56, p. 20.)  The complaint, liberally construed, also raises a First Amendment claim of retaliation.  (*Id*., p. 17.)

## JURISDICTION

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at FCI-Schuylkill, located in Schuylkill County, Pennsylvania, which is in this district. *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## MOTION FOR SUMMARY JUDGMENT STANDARD OF REVIEW

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "A dispute is genuine if a reasonable trier-of-fact could find in favor of the

nonmovant' and 'material if it could affect the outcome of the case." *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or

7

suspicions will not suffice.'"  *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

DISCUSSION

## A. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim Against Defendant Steif in His Official Capacity Due to Sovereign Immunity

The doctrine of sovereign immunity bars suits against the United States or its agencies unless the government has waived that immunity.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). Sovereign immunity extends to individual officers acting in their official capacities.  *See Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012) ("Without a waiver of sovereign immunity, a court is without subject

8

matter jurisdiction over claims against federal agencies or officials in their official capacities." (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980))).

Accordingly, Plaintiff's claims in this case are barred by the doctrine of sovereign immunity to the extent that they are brought against Defendant Steif in his official capacity. *Perez-Barron v. United States*, 480 F. App'x 688, 691 (3d Cir. 2012) (granting sovereign immunity to BOP officers acting in their official capacities). Therefore, these claims will be dismissed under Fed. R. Civ. P. 12(b)(6) with prejudice.

### B. The Court Will Not Extend *Bivens* to the Eighth Amendment Claims Against Defendant Steif in His Individual Capacity

Here, Plaintiff alleges that Defendant Steif's conduct of (1) calling him a "rat" and a "snitch" and (2) attempting to provoke a physical altercation violated his Eighth Amendment rights. (Doc 36.) However, to succeed in a claim against a federal official for violation of a constitutional right, a plaintiff must show first that a constitutional right was violated, and second that there is a remedy available under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *Dongarra v. Smith*, 27 F.4th 174, 177 (3d Cir. 2022).

#### 1. Eighth Amendment Claims

Prison officials violate the Eighth Amendment when they act with "deliberate indifference to a substantial risk of serious harm to" a prisoner. *Farmer v. Brennan*, 511 U.S. 825, 828–29 (1994). The prisoner must show both

9

that a prison officer ignored an *objectively* serious risk and that he was *subjectively* aware of that risk.  *Id.* at 834.

### i.  Calling Plaintiff a Snitch

Plaintiff has pled sufficient facts to survive a motion for summary judgment regarding whether he faced an objectively serious risk of harm when Defendant called him a "rat" and a "snitch."  (Doc. 36, p. 5.)  If other prisoners thought he was a snitch, they might have assaulted or even killed him.  "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."  *Farmer*, 511 U.S. at 834, (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

However, Plaintiff failed to allege that Defendant Steif had subjective knowledge of the risk.  Indeed, Plaintiff did not even allege that Defendant Steif was aware that such an accusation may result in an assault.  Nonetheless, several courts have acknowledged the danger of being called a "snitch" in front of other inmates.  *See Williams v. Thomas*, No. 12-01323. 2013 WL 1795578, at *5 (E.D. Pa. April 29, 2013) (summary of cases).  The Third Circuit has "regularly relied on the obviousness of risk as a permissible and highly relevant basis from which to infer actual knowledge [of risk]."  *Kedra v. Schroeter*, 876 F.3d 424, 442 (3d Cir. 2017).  Therefore, the court finds that the obviousness of the risk is enough to survive Defendant's challenge.

### ii.  Attempting to Provoke a Physical Altercation

Plaintiff has failed to plead sufficient facts to survive a 12(b)(6) challenge in regards to the objective risk created by Defendant Steif in the alleged attempt to provoke a physical altercation.  (Doc. 36.)  Even assuming that the physical actions of Defendant were intended to provoke Plaintiff into a physical altercation, Plaintiff has not alleged any facts indicating that his reaction to such provocation was beyond his control.  Therefore, the mere attempt to provoke Plaintiff does not rise to rise to the level of an objective risk of serious bodily harm.

### 2.  There is No Remedy Under *Bivens*

Even through Plaintiff has pled facts sufficient to survive Defendant's challenge to his Eighth Amendment claim based on Defendant's statements, there are no damages available for such violation under *Bivens*.

In *Bivens*, the Supreme Court recognized that a plaintiff may bring an implied damages remedy against a federal official for violation of the plaintiff's Fourth Amendment right to be free from unreasonable searches, despite the fact that no federal statute or constitutional provision allowed such a cause of action. *Bivens*, 403 U.S. at 397.  Since that decision, the Supreme Court has only recognized an implied damages remedy against a federal official in two other cases: *Davis v. Passman*, 442 U.S. 228, 245 (1979) (recognizing an implied cause of action for sex discrimination under the Fifth Amendment), and *Carlson v.*

*Green*, 446 U.S. 14, 18–23 (1980) (recognizing an implied cause of action for inadequate medical care under the Eighth Amendment).  *See Mack*, 968 F.3 at 314 n.1.

In the absence of Supreme Court extensions of the implied damages remedy under *Bivens*, lower federal courts recognized that they had the power to extend *Bivens* to new fact situations in appropriate circumstances.  *See id.* at 319.  That changed with the Supreme Court's decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).

In *Ziglar*, the Supreme Court considered several *Bivens* claims brought to enforce the plaintiff's rights under the Fourth and Fifth Amendments, all of which were factually distinct from the claims in *Bivens*, *Davis*, and *Carlson*. *Id.* at 1853–54.  In analyzing the claims, the Court noted that it had taken a much more cautious approach to implying causes of action in the years since *Bivens* had been decided.  *Id.* at 1855–56.  Given that more cautious approach, the Court acknowledged that the decision in *Bivens*, *Davis*, and *Carlson* "might have been different if they were decided today."  *Id.* at 1856.  The Supreme Court instructed lower courts to be cautious in extending *Bivens* remedies to new contexts, noting that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity," and that decisions of whether to recognize new causes of action should generally be left to Congress.  *Id.* at 1857 (quoting *Iqbal*, 556 U.S. at 675).

Under *Ziglar*, a court presented with a *Bivens* claim must conduct a two-part analysis. *Mack*, 968 F.3d at 320. First, the court "must determine whether the *Bivens* claim presents a 'new context.'" *Id.* (quoting *Ziglar*, 137 S. Ct. at 1859). A case presents a new context if "is different in a meaningful way from previous *Bivens* cases decided by the Supreme Court." *Id.* (internal alterations omitted) (quoting *Ziglar*, 137 S. Ct. at 1859). The difference between the two cases does not need to be stark, because "a modest extension is still an extension." *Id.* (quoting *Ziglar*, 137 S. Ct. at 164). Second, if the case presents a new context, the court "must then determine if there are 'special factors counselling hesitation' in expanding *Bivens*." *Id.* (quoting *Ziglar*, 137 S. Ct. at 1857). This determination "concentrate[s] on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* (quoting *Ziglar*, 137 S. Ct. at 1857–58.) "If 'there are any special factors that counsel hesitation,' courts must 'reject the request' to expand *Bivens*." *Id.* (quoting *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020)).

Turning to the facts of this case, it is clear that Plaintiff's *Bivens* claim presents a new context to which *Bivens* has never been extended. Plaintiff's claim is grounded in the Eighth Amendment. (*See* Doc. 56.) The Supreme Court in *Carlson* has recognized that a *Bivens* claim could be brought for violation of a plaintiff's Eighth Amendment rights, but the claim in that case was based

exclusively on a theory of deliberate indifference to a serious medical need under *Estelle v. Gamble*, 429 U.S. 97 (1976).  *See Carlson*, 446 U.S. at 1471.  That is not the theory presented in this case.

Furthermore, in *Carlson* the inmate died as a result of the officer's neglect. Here, there was no assault as a result of Defendant Steif calling Plaintiff a "snitch." A *Bivens* cause of action has never been brought for a situation where the risk a defendant ignored did not in fact materialize.  *Dongarra*, 27 F.4th at 180–81. While the Third Circuit theorizes that a foreseeable result such as emotional and psychological harms may result from such situations, the plaintiff in *Dongarra* failed to allege such injuries.  *Id*.  Here, Plaintiff alleged emotional and psychological injuries, Doc. 56, p. 5, but failed to plead facts indicating that Defendant Steif's statements placed him in objectively serious risk of these injuries and that Defendant Stef was subjectively aware of that risk of these injuries.  In fact, the complaint fails to plead any fact surrounding these emotional and psychological injuries.  *See* Doc. 56.

As such, the court must proceed to the second step of the *Ziglar* test, and ask whether there are "special factors counselling hesitation."  137 S. Ct. at 1857. Here, the Third Circuit has already declined to create a *Bivens* remedy that would require courts to make rules on when a prison official who is deliberately

indifferent to one risk may be held liable for harms that result from a foreseeable yet distinct secondary risk. *Dongarra*, 27F.4th at 181.

In this case, Plaintiff did not allege that Defendant was indifferent to the risk of emotional and psychological injures from calling him a "snitch" in front of other inmates—only the risk of assault by other prisoners. The fact that he alleged these injuries themselves does not rise to the level of alleging deliberate indifference under *Farmer*. In *Dongarra*, the Third Circuit refused to make such a leap when considering damages:

> While such a secondary risk was arguably foreseeable, it remains a step removed from the prototypical failure-to-protect case. If we were to extend *Bivens* here, we would need to make rules on whether liability attaches for secondary risks when an officer is alleged to have been indifferent only to a primary risk. For instance, did [Defendant]'s subjective awareness of the risk that Dongarra would be assaulted include the risk that Dongarra might suffer mental anguish or be harmed by his efforts to avoid being assaulted? It is not obvious how far a prison official's liability should extend. If we strike the wrong balance, we could unleash a torrent of litigation on prisons. And unlike state tort damages, the availability of a federal *constitutional* remedy cannot be undone by the legislature. The stakes are high, and we are poorly suited to the task. So we must leave that judgment to Congress.

27 F.4th at 181. Based on the same reasoning employed by the Third Circuit in *Dongarra*, the court will not extend *Bivens* to the facts in this case and will dismiss these claims with prejudice.

15

### C. No Statutory Damages for Mental or Emotional Injury

Congress has made a judgment regarding mental or emotional injuries of prisoners: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). There were no physical injuries alleged by Plaintiff. (Doc. 56, p. 5.) Therefore, there are no damages available for the emotional and psychological injuries Plaintiff asserts in his complaint.

### D. The Court Will Not Extend *Bivens* to First Amendment Retaliation Claims

Plaintiff also alleges that Defendant Steif retaliated against him for filing a grievance in regards to the July 29, 2017 confrontation that is at the heart of this case. (Doc. 56, p. 17.) The Third Circuit has repeatedly refused to extend *Bivens* to First Amendment retaliations claims. *See Bistrian*, 912 F.3d 79, 96 (3d Cir. 2018) ("[T]he retaliation claim is not a recognized *Bivens* remedy[.]"); *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017) ("The Supreme Court has never implied a *Bivens* action under any clause of the First Amendment."); *Watlington on behalf of FCI Schuylkill African Am. Inmates v. Reigel*, 723 F. App'x 137, 139-40 (3d Cir. 2018) (affirming the dismissal of a First Amendment retaliation claim brought by a federal prisoner against correctional staff); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) (The Supreme Court has "consistently

16

refused to extend *Bivens* liability to any new context or new category of defendants" beyond alleged violations by federal actors of the Fourth Amendment, Fifth Amendment Due Process Clause, or Eighth Amendment Cruel and Unusual Punishments Clause).

Because Plaintiff's claim presents a new context, the court must determine whether there are any special factors that counsel hesitation in extending *Bivens.* *Mack*, 968 F.3d at 317.  There may be many special factors, but two are "'particularly weighty': the availability of an alternative remedial structure and separation-of-powers concerns." *Id.* at 320 (quoting *Bistrian*, 912 F.3d at 90). While housed at FCI-Schuylkill, Plaintiff had access to the Bureau of Prisons ("BOP") administrative remedy process.  The court finds that federal inmates have alternative remedies for their retaliation claims in the form of the BOP's administrative remedies program. *See, e.g.*, *Aigbekaen v. Trump*, No. 20-8608 (NLH)(KMW), 2021 WL 147079, at *2 (D.N.J. Jan. 15, 2021); *Landis v. Ebbert*, No. 1:19-cv-470, 2020 WL 5819766, at *5 (M.D. Pa. Sept. 30, 2020); *Bey v. U.S. Department of Justice*, No. 1:21-cv-113, 2021 WL 632735, at *6 (M.D. Pa. Feb. 18, 2021)  Here, even if Plaintiff was not successful in seeking an administrative remedy, it does not mean that an alternative remedy was unavailable to him.  *See Corr. Servs. Corp*, 534 U.S. at 69 ("So long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition

17

of a new substantive liability.").  Moreover, in declining to extend *Bivens* to First Amendment retaliation claims, the Third Circuit has noted courts have "afforded a level of deference to the decision making of prison officials," recognizing "day-to-day administrative decisions have been committed solely to the province of the BOP." *Mack*, 968 F.3d at 323.  Therefore, any First Amendment retaliation claims raised against Defendant Steif will be dismissed with prejudice.

### E. The Court Will Deny Plaintiff Leave to Amend

Before dismissing a civil rights complaint, a district court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.  Here, because the court declines to extend *Bivens* to the facts of this case and because Defendant is entitled to sovereign immunity, the court finds that amendment of Plaintiff's complaint would be futile.  The court will accordingly deny leave to amend.

### CONCLUSION

For the foregoing reasons, the Defendant Steif's motion for summary judgment is granted.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 29, 2022

18